## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION,

                                        Plaintiff,

            v.

THEODORE R. MALONEY,

                                        Defendant.

C.A. No. 02:11-cv-00075-JAD-VCF

### FINAL JUDGMENT AS TO DEFENDANT THEODORE R. MALONEY

The Securities and Exchange Commission, having filed a Complaint and Amended Complaint (together, the "Complaint"), and Defendant Theodore R. Maloney ("Defendant"), having entered a general appearance; answered the Complaints; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment of Defendant Theodore R. Maloney ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, or aiding or abetting any violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange

Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of an issuer.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2(a)

[17 C.F.R. § 240.13b2-2(a)], by, as an officer or director of an issuer, directly or indirectly,

(a)     making or causing to be made a materially false or misleading statement to an accountant in connection with; or

(b)     omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

    (i)     any audit, review or examination of the financial statements of the issuer; or

    (ii)     the preparation or filing of any document or report required to be filed with the Commission.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Exchange Act Rule 14a-9 [17 C.F.R. § 240.14a-9], by using the mails or means or instrumentality of interstate commerce or any facility of a national securities exchange or otherwise to make a solicitation by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make

the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] by knowingly providing substantial assistance to an issuer in (i) failing timely to file annual and quarterly reports, (ii) filing annual or quarterly reports that are inaccurate, or (iii) filing annual or quarterly reports that, in addition to the information required to be included in such annual reports, fail to include such material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(a)] by failing to devise and maintain

4

a system of internal accounting controls sufficient to provide reasonable assurances that transactions are executed in accordance with management's general or specific authorization.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for a period of five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)],  Defendant shall pay a civil penalty in the amount of $100,000 to the Securities and Exchange Commission.  Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IX below after entry of this Final Judgment.  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Theodore R. Maloney as the defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IX.**

Defendant shall pay the total penalty due of $100,000 in 12 installments to the Commission according to the following schedule:

Payment 1:     $8,333.37, within 14 of days of entry of this Final Judgment;

Payment 2:     $8,333.33 on July 15, 2014;

Payment 3:     $8,333.33 on October 15, 2014;

Payment 4:     $8,333.33 on January 15, 2015;

Payment 5:     $8,333.33 on April 15, 2015;

Payment 6:     $8,333.33 on July 15, 2015;

Payment 7:     $8,333.33 on October 15, 2015;

6

Payment 8:      $8,333.33 on January 15, 2016;

Payment 9:      $8,333.33 on April 15, 2016;

Payment 10:     $8,333.33 on July 15, 2016;

Payment 11:     $8,333.33 on October 15, 2016; and

Payment 12:     $8,333.33 on January 15, 2017.

Payments shall be deemed made on the date they are received by the Commission, and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Theodore R. Maloney ("Consent") is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**XI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Entered this ___28th___ day of _____March_____, 2014.




_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE